IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Eddie Stowe, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | Case No: 16 CV 50347 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Iain D. Johnston |
| Nancy Berryhill, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Claimant's motion for summary judgment is granted. Defendant's motion for summary judgment is denied. The case is remanded.

## STATEMENT

This is a social security appeal. Eddie Stowe ("Claimant") contends that the Administrative Law Judge ("ALJ") erred in denying his application for benefits. Claimant's main argument is that the ALJ failed to consider a prior ALJ's factual findings, including the prior ALJ's adoption of a medical expert's findings and the prior ALJ's determination that Claimant should be limited to sedentary work, which resulted in the ALJ ignoring an entire line of evidence. The Court agrees.

The Claimant argues that the ALJ erred by failing to acknowledge a prior ALJ's factual findings, which included the adoption of testimony of Dr. Semerjdian, an impartial medical expert. The Claimant additionally argues that the ALJ reviewed some of the same records the prior ALJ reviewed and incorrectly came to a different conclusion about the level of work the Claimant could perform. The

1

Claimant also argues that the ALJ improperly ignored entire lines of favorable evidence and arguably should have considered the prior ALJ's opinions in light of the doctrine of *res judicata*.

However, the Commissioner argues that the prior ALJ's decision addressed an earlier claim and time period, and because that earlier claim was not reopened, the ALJ of the present claim needed to make an independent residual functional capacity ("RFC") finding.

Both the Claimant and the Commissioner address two cases, *Sneed v. Colvin* and *Rucker v. Shalala*. *Sneed v. Colvin*, 2014 WL 4987976 (N.D. Ind. 2014); *Rucker v. Shalala*, 894 F. Supp. 1209 (S.D. Ind. 1995). However, neither case is controlling. Reviewing the case law, *Groves v. Apfel* provides more appropriate guidance in the present instance. *Groves v. Apfel*, 148 F.3d 809 (7th Cir. 1998). In *Groves*, the court held that "the district judge should not have refused to look at the medical evidence submitted with [a] first application for benefits," because "although the final judgment denying that application was *res judicata*," the evidence submitted in support of that application was not rendered inadmissible to establish, though only in combination with later evidence, that the claimant in that case had become disabled after the period covered by the first proceeding. *Groves*, 148 F.3d at 810.

In the present case, the ALJ erred in failing to address the prior evidence, including that of vocational expert Margaret H. Ford and medical expert Dr. Semerjdian. The Commissioner is correct that the previous ALJ's decision addressed an earlier claim and time period, but evidence provided in that previous

claim may provide support to the present claim and, therefore, is worthy of consideration. *See Groves*, 148 F.3d at 810-11(stating that readmission of evidence from a prior claim is barred only if such evidence is found to provide no support for the current claim, and that such readmission would be permissible where the prior evidence merely wasn't strong enough by itself to establish disability, but might still reinforce, illuminate or fill gaps in the evidence developed for the second proceeding.). For example, the Claimant's prior claim included evidence of back pain and the testimony of medical expert Dr. Semerjdian given on May 28, 2013, both of which may be relevant to the present claim for disability that includes evidence of back pain with an alleged onset date of July 25, 2013. Therefore, because the ALJ failed to address the prior evidence, remand is proper.

But having made the determination to remand, the Court notes that precedent does not establish that the prior ALJ's findings or decision are entitled any weight in the present claim. In fact, *Groves* held that a final judgment in a prior claim is *res judicata*, but a claim for disability in a prior timeframe is not the same as a claim for disability in a later timeframe. *Groves*, 148 F.3d at 810. Additionally, *Rucker*, citing *Reynolds v. Bowen*, clarified that if an ALJ's decision in a new claim is not a reopening of an earlier claim (as it is not in the present case), the RFC is considered independently of any previous claims, and previous RFC determinations are deemed irrelevant. *Rucker*, 894 F. Supp. at 1219 (citing *Reynolds v. Bowen*, 844 F.2d 451, 453-54 (7th Cir. 1988)). Therefore, upon remand, consideration of prior evidence including that of the vocational expert Margaret H.

Ford and medical expert Dr. Semerjdian is warranted, but adoption of the prior RFC determination or the prior ALJ's findings without an independent RFC determination and independent consideration of the evidence as a whole is not.

This case is remanded for the ALJ to consider the evidence from the prior hearing that the ALJ did not consider.

Date:	May 31, 2018

By: _____
Iain D. Johnston
U.S. Magistrate Judge

4